### BENJAMIN W. CHASE *versus* SAMUEL MOREY.

A circumstantial variance between a patent and the description of it in an assignment, does not indicate fraud, or prevent the right from passing.

A court cannot pronounce a patent void, without evidence that the principles of it had before been "known and used" in the manner described in the patent; nor can the patent be pronounced worthless, without evidence of experiments which have proved unsuccessful.

Where the title to a patent passes, the consideration money, if paid, cannot be recovered back, unless the contract has been rescinded, or was accompanied with fraud, or with an express warranty, not fulfilled.

THIS was an action of assumpsit in two counts; one for 700 dollars money loaned, and the other for so much money had and received.

At the trial here upon the general issue, May term, 1818, it appeared in evidence that the defendant, in consideration of 700 dollars paid him by the plaintiff, October 12, 1811,

conveyed to him a certain interest in a patent that *Morey* had invented, which interest was to commence after *Morey* had received 10.000 dollars profits from the sales of the patent.

*Morey* also assigned to the plaintiff the immediate right to use said patent in the state of *New-York*, on the payment of 5000 dollars—and he covenanted that if within one year the plaintiff should become dissatisfied with any part of this agreement, he might rescind the whole, and receive back the 700 dollars.

In this assignment the patent was described to be " for " the invention of a new power for mechanical purposes, ob-" tained by means of the odds in the pressure of a column " of rarefied air within a chimney or tube extended to a con-" venient height, and that of an equal column of atmospher-" ick air."

The specification that accompanied the patent itself corresponded with the above description, except that the patent was called an " invention," or improvement, " to consist in " the application to mechanical uses of the difference of power " given to a column of rarefied, or hot air, within a tube " or chimney extended to as great a height as may be con-" venient, and that of an equal column of surrounding at-" mosphere."

No evidence was offered that the plaintiff, till after the expiration of the year, had elected to rescind the contract ; and when he did make a proposal to *Morey* on that subject, it appeared that though *Morey* declined repaying the money, yet he expressed a willingness to convey to the plaintiff, for a relinquishment of his interest in this patent, seven hundred dollars' worth of other patents which *Morey* had invented. Nor was any evidence offered to shew that this patent was without value ; but the plaintiff contended, that such must be the inference from the specification alone ; that the variance also between that and the agreement must be fatal ; and that from them both the court must be satisfied the patent was not an original invention.

But a verdict was returned for the defendant, subject to be set aside, if, on further consideration, it was thought the action could be sustained upon the above testimony.

*Britton* and *Mason* for the plaintiff.

*Wilcox* and *J. Smith* for the defendant.

WOODBURY, J. delivered the opinion of the court.

When money has been paid under a contract, it cannot, as a general principle, be recovered back, unless the contract has been rescinded, or was tainted with fraud, or was accompanied with a warranty that has not been fulfilled, or was, in its origin, without consideration(1.)

In this case, the attempt to rescind the contract was not seasonable ; and no evidence of fraud was offered, unless it results from the variance between the description of the patent in the specification and in the assignment. But that variance is only nominal ; for though in one instrument it is described as the "discovery of a new power," and in the others as an "application of the difference of power ;" yet from the whole of each instrument it is manifest that the patentee intended to represent that he had discovered a new application of an old principle.

The language used to express this idea may not have been the most appropriate ; but the plaintiff could not have been misled : for on adverting to the nature and operation of the patent, as well as to the description, he could not but know that a new application of an old principle was the substance of the whole patent, and the sole subject matter of his purchase.

For the same reasons this circumstantial variance did not prevent the title to the patent from passing to the plaintiff by means of the assignment. Of course no warranty has been broken by the defendant, unless he himself was destitute of a title in consequence of the principles of the *patent* having been before "*known* or *used*." The patent would then be void by the act of congress of April 17th, 1800.

That rarefied air was before "known," need not have been proved ; but that the difference of weight between that and

(1) 4 *Bos. & Pul.* 260, *note.*

atmospherick air had ever been considered sufficient to turn machinery for " mechanical purposes," and had been " used" for that end, in the mode described by this patent, is a fact which the jury would not be warranted in finding without evidence.

As *Morey*, then, for aught that has been shewn, possessed a valid title to the patent, and transferred a right in it to the plaintiff, it is very questionable on the remaining point, however worthless the patent may prove to be, whether the money paid for it can be said to have been paid without any consideration.

The defendant did not enter into a warranty that the same power which turns a smoke-jack should, when applied in a particular manner, move machinery the most complicated and extensive, and supersede the use of water falls, steam and canals, though from the evidence it would seem that this may have been anticipated. Without reasoning *a priori*, should experiment, the only infallible test of the utility of new inventions, disappoint these sanguine hopes, the misfortune will certainly be as great to the defendant as to the plaintiff, for his expenses in procuring and perfecting his patent have been far from inconsiderable. But no evidence was offered that the patent had in fact proved worthless.

The plaintiff would seem to have received for his money all which the defendant stipulated—a certain interest in the patent right. On this testimony it would not be competent for a jury to say that the consideration had failed, and

*Judgment must be entered on the verdict.*